UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DANIEL TOLLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00446-WTL-MJD |
| | ) | |
| R. BROWN Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Daniel Tolley for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVE 16-10-0097. For the reasons explained in this Entry, Mr. Tolley's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On October 25, 2016, a Conduct Report was issued charging Mr. Tolley with possession of unauthorized property in violation of Code B-215. The Conduct Report states:

> On 10/25/2016 at approximately 12:45 PM, a cell search was conducted within EHU #206. During the performance of this search a large amount of Unauthorized/Altered Property was discovered. 1.) Three sets of Koss headphones with Altered name & DOC #s[;] 2.) Various colored cards created in Print Shop and laminated[;] 3.) "Window cover" utilized for impairment of surveillance[;] 4.) WVCF Labor Line Gloves[;] 5.) Casio fx-260 SOLAR calculator with original name & DOC # scratched off then replaced with "Tolley 174395"[;] 6.) "Fossil" watch with all mechanical insides removed.

Dkt. No. 7 at 1.

Mr. Tolley was notified of the charge that same day when he received the Screening Report. He plead not guilty to the charge. The Screening Report reflects that Mr. Tolley did not request witnesses or physical evidence. But in his habeas petition, Mr. Tolley asserts that the screening officer told him he could not call staff members as witnesses, so his requested staff witnesses were not documented on the Screening Report and did not provide statements for the hearing.

A hearing was held on October 27, 2016. The Hearing Report reflects that Mr. Tolley stated that the items were his, but Mr. Tolley maintains that statement was taken out of context and is incomplete. The hearing officer found Mr. Tolley guilty based on the staff reports, Mr. Tolley's statement, the confiscation of property form, and a photograph of the confiscated items. The sanctions imposed included a thirty-day earned-credit-time deprivation, which was suspended but ultimately imposed.

Mr. Tolley appealed to Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Tolley raises three claims in his habeas petition: (1) he was denied documentary evidence; (2) the hearing officer was not impartial; and (3) he was denied witnesses. The respondent maintains that Mr. Tolley's claims lack merit and, to the extent he was denied due process, any errors were harmless. Mr. Tolley did not file a reply brief responding to the respondent's arguments. The Court will address Mr. Tolley's impartial-decisionmaker claim before addressing his other two claims together.

*1.     Impartial Decisionmaker*

Mr. Tolley contends that the hearing officer was not impartial. Specifically, he argues that she failed to seek additional evidence and witnesses to determine the truth of the charges, failed to adequately inspect the evidence, and improperly relied on just the photograph of the confiscated property when determining his guilt.

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

None of the hearing officer's failures alleged by Mr. Tolley, even if true, establish that the hearing officer was impartial. There are no allegations that the hearing officer was involved in the

investigation. Moreover, the hearing officer was not required to seek additional evidence; in fact, hearing officers are not permitted to investigate the underlying charges. *See id.* Accordingly, Mr. Tolley has failed rebut the presumption that the hearing officer was impartial, and he is not entitled to relief on this claim.

### 2. *Denial of Witnesses and Evidence*

Mr. Tolley argues that certain documentary evidence would have shown that he was authorized to possess at least some of the items listed in the Conduct Report. Specifically, Mr. Tolley contends that if the hearing officer would have consulted the list of approved craft items he would have realized that Mr. Tolley was authorized to possess colored card stock.

Mr. Tolley also maintains that he requested the labor line supervisor as a witness, who would have confirmed that Mr. Tolley was authorized to have gloves in his cell. According to Mr. Tolley, the screening officer denied this request, stating that inmates cannot request staff as witnesses.

Mr. Tolley is correct that due process permits inmates certain access to evidence and witnesses. First, "prison officials [must] disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). Second, "[i]nmates have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974)).

If Mr. Tolley's allegation that he was told he could not call staff members as witnesses is true, that is certainly troubling and constitutes a violation of his due process rights. However, even

assuming Mr. Tolley's due process rights were violated by the denial of witnesses and documentary evidence, any such error is harmless.

The denial of evidence will be considered harmless unless the evidence could have aided in the petitioner's defense. *See Jones*, 637 F.3d at 847 (holding that absent prejudice, due process violation in the prison disciplinary context are harmless); *see also Piggie*, 344 F.3d at 678 (applying harmless-error analysis to a due process violation). At most, the denied documentary evidence and witnesses would have shown that Mr. Tolley was authorized to have the gloves and colored cardstock in his cell. But that still leaves four separate unauthorized items—headphones, a window cover, a calculator, and a watch—each of which is sufficient to find him guilty of possessing unauthorized property. Mr. Tolley does not even allege that he was denied evidence or witness that would have aided him in defending against the charge that he was not authorized to possess those four items. *See Piggie*, 344 F.3d at 678 (noting the petitioner did not "explain how [the requested witness's] testimony would have helped him" and thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully denied a witness).

Accordingly, even assuming that Mr. Tolley's due process rights were violated, the violations alleged were harmless, and he is thus not entitled to relief on these claims.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Tolley to the relief he seeks. Accordingly, Mr. Tolley's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/21/18

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DANIEL TOLLEY
174395
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov